# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| 17-cv-00698-BAJ-RLB | Kinchen v. Bankers Specialty Insurance Company |

**Consolidated with**

| | |
|---|---|
| 17-cv-01355-BAJ-RLB | Alexander v. Bankers Specialty Insurance Company |
| 17-cv-01356-BAJ-RLB | Cannon v. Bankers Specialty Insurance Company |
| 17-cv-01357-BAJ-RLB | Holiday et al v. Bankers Specialty Insurance Company |
| 17-cv-01358-BAJ-RLB | Gaudin v. Bankers Specialty Insurance Company |
| 17-cv-01359-BAJ-RLB | Jackson v. Bankers Specialty Insurance Company |
| 17-cv-01360-BAJ-RLB | Chappuis et al v. Bankers Specialty Insurance Company |
| 17-cv-01364-BAJ-RLB | Walker v. Bankers Specialty Insurance Company |
| 17-cv-01390-BAJ-RLB | Jackson v. Bankers Specialty Insurance Company |
| 17-cv-01464-BAJ-RLB | Scott v. Bankers Specialty Insurance Company |
| 17-cv-01465-BAJ-RLB | Mallett v. Bankers Specialty Insurance Company |
| 17-cv-01577-BAJ-RLB | Aguirre et al v. Bankers Specialty Insurance Company et al |
| 17-cv-01589-BAJ-RLB | Aucoin et al v. Bankers Specialty Insurance Company |
| 17-cv-01599-BAJ-RLB | Williams v. Bankers Specialty Insurance Company |
| 17-cv-01600-BAJ-RLB | Louis v. Bankers Specialty Insurance Company |
| 17-cv-01687-BAJ-RLB | Campos v. Bankers Specialty Insurance Company |
| 18-cv-00073-BAJ-RLB | Pickett, et al v. Bankers Specialty Insurance Company |
| 18-cv-00203-BAJ-RLB | Perkins et al v. Bankers Specialty Insurance Company |
| 18-cv-00368-BAJ-RLB | Harris v. Bankers Specialty Insurance Company |
| 18-cv-00418-BAJ-RLB | Falgoust v. Bankers Specialty Insurance Company |
| 18-cv-00423-BAJ-RLB | Ritchie et al v. Bankers Specialty Insurance Company |

**In the matters of civil proceeding filed in connection with the Flood of 2016**

**RULING AND ORDER[1]**

Pending before the Court is a Motion to Modify the Limited Scheduling Order or for a Protective Order (R. Doc. 35). This motion is one of many that were filed in several of the consolidated cases arising out of the August 2016 flooding that occurred in Baton Rouge, Louisiana and the surrounding areas (collectively, the "Motions"). The Motions seek modification of the Limited Scheduling Order that was issued in the consolidated cases to

---

[1] This instant motion only pertained to a portion of the consolidated cases. This Order applies to any case seeking the same relief at issue in the motion.

prevent disclosure of information regarding amounts plaintiffs have recovered from governmental grant programs.

To help facilitate the implementation of a Limited Scheduling Order in these matters, on March 29, 2018, the Court issued a Notice and Order requiring all parties to submit a Joint Status Report setting forth the following information: 1) the types of documents the parties would request be exchanged, e.g., receipts for repairs, repair estimates, claim file, adjustments; 2) the proposed time period for such exchange; 3) any other limited discovery the parties feel would be necessary at this preliminary stage that would apply to every case, e.g., a limited number of interrogatories; 4) whether there are other issues that would need to be resolved in the early stages of the case, e.g., ripeness, jurisdictional issues, etc.; and 5) any other matters the parties wish the Court to consider when evaluating what should be included in a Limited Scheduling Order. The March 29, 2018 Notice and Order provides that, "Any disagreements should be noted on the Joint Status Report." Status Reports were received and reviewed by the Magistrate Judges, who then jointly prepared a Limited Scheduling Order to be issued in all cases. The Limited Scheduling Order was issued on May 23, 2018 and provided deadlines for the parties to exchange specific information and to exchange settlement offer demands and responses.

At issue in the Motions is Paragraph 7(b) of the Limited Scheduling Order, which requires plaintiffs to provide "All documents reflecting any payments received on account of the August 2016 flood to date from any insurer, or any other federal, state or local governmental program, including the United States Small Business Administration and Restore Louisiana." Specifically, the Motions seek an order from the Court eliminating this requirement as it relates to governmental award programs. The primary basis for the Motions is that because the insurers would not be entitled to an offset for amounts paid to the plaintiffs through governmental

programs, the information is not relevant and that disclosure of such information will effectively encourage the insurer defendants to underpay claims.

On June 13, 2018, the Court issued a Notice and Order requiring that any response to the Motions be filed by no later than June 20, 2018. Responses were timely filed. An additional group of plaintiffs filed a Response essentially joining the Motions. Those plaintiffs additionally asserted that the current language of the Limited Scheduling Order goes beyond what is required by the Standard Flood Insurance Policy, which, those plaintiffs argue, only allows for disclosure of whether other monies were paid and, if the payor has an interest, the name of that payor, but not specific amounts paid. Certain defendants filed an Opposition to the Motions.

A showing of "good cause" is necessary to support both a modification of a scheduling order under Fed. R. Civ. P. 16(b)(4) and to support the issuance of a protective order under Fed. R. Civ. P. Rule 26(c)(1). The movants have failed to meet the good cause standard. The provision in question is not one that was disputed when the Joint Status Reports required by the Court were filed. In other words, all parties in these approximately 1000 cases indicated to the Court, by failure to indicate disagreement, that this provision was agreed upon. Further, there is nothing in the Motions to establish that there has been a change in circumstances since the Joint Status Reports were filed that warrants reconsideration of the provisions of the Limited Scheduling Order. Of note is the fact that movants' attorneys agreed to a substantially similar provision in Joint Status Reports filed in a least six (6) of the consolidated cases: *Koosman v. Liberty Mut. Fire Ins. Co.,* No. 17-cv-183-BAJ-EWD (M.D. La. April 19, 2018), R. Doc. 33, p. 1, ¶3 ("All documents . . . reflecting any payments . . . from any insurer … or any other governmental program, federal, state, or local . . . ."); *Botos v. Hartford Ins. Co. of the Midwest*, No. 17-cv-495-BAJ-EWD (M.D. La. April 19, 2018), R. Doc. 37, p. 1, ¶3 (same); *Jarrell v.*

*Wright Nat'l Flood Ins. Co.*, 17-cv-301-SDD-RLB (M.D. La. April 19, 2018), R. Doc. 30, p. 5, ¶3 (same); *Slaughter v. Imperial Fire & Cas. Ins. Co.*, No. 17-cv-1652-SDD-EWD (M.D. La. April 19, 2018), R. Doc. 14, p. 1, ¶3 (same); *Corley v. Gulfstream Prop. & Cas. Ins. Co.*, No. 17-535-SDD-RLB (M.D. La. April 19, 2018), R. Doc. 16, p. 1, ¶3 (same); *Mistric v. Am. Nat'l Prop. & Cas. Co.*, No. 17-539-BAJ-RLB (M.D. La. April 19, 2018), R. Doc. 19, p. 1, ¶3 (same).[2]

The Court is also not satisfied that the information at issue lacks relevance, thereby putting it beyond the scope of discovery. The information the plaintiffs have been ordered to provide pertains to payments received on the subject property due to the August 2016 flood. In addition to a dollar value of calculated damages, this information could include how such payment was calculated and/or what damages were included in reaching the payment amount—facts that are central to the dispute in these cases.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Modify The Limited Scheduling Order or For A Protective Order (R. Doc. 35) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 13, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Movants' counsel also signed the Joint Status Report containing the same language in *Smiley v. New Hampshire Insurance Co.*, 17-1094-JWD-EWD (M.D. La. April 19, 2018), R. Doc. 23, p. 1, ¶3.