UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**KELECIE KINCHEN,**

    **Plaintiff,**

**VERSUS**                                    **NO. 3:17-cv-00698-BAJ-RLB**

**BANKERS SPECIALTY INSURANCE COMPANY,**

    **Defendant.**

**CONSOLIDATED WITH**

| | |
|---|---|
| 3:17-cv-01355-BAJ-RLB | *Alexander v. Bankers Specialty Insurance Company* |
| 3:17-cv-01356-BAJ-RLB | *Cannon v. Bankers Specialty Insurance Company* |
| 3:17-cv-01357-BAJ-RLB | *Holiday v. Bankers Specialty Insurance Company* |
| 3:17-cv-01358-BAJ-RLB | *Gaudin v. Bankers Specialty Insurance Company* |
| 3:17-cv-01360-BAJ-RLB | *Chappius v. Bankers Specialty Insurance Company* |
| 3:17-cv-01464-BAJ-RLB | *Scott v. Bankers Specialty Insurance Company* |
| 3:17-cv-01465-BAJ-RLB | *Mallett v. Bankers Specialty Insurance Company* |
| 3:17-cv-01577-BAJ-RLB | *Aguirre v. Bankers Specialty Insurance Company* |
| 3:17-cv-01589-BAJ-RLB | *Aucoin v. Bankers Specialty Insurance Company* |
| 3:17-cv-01600-BAJ-RLB | *Louis v. Bankers Specialty Insurance Company* |
| 3:18-cv-00368-BAJ-RLB | *Harris v. Bankers Specialty Insurance Company* |

**PLAINTIFFS' OPPOSITION TO THE ARGUMENTS MADE IN DEFENDANT'S MOTION FOR A DISCOVERY CONFERENCE**

NOW COME CONSOLIDATED PLAINTIFFS, who hereby respond to the Motion for a Discovery Conference filed by Bankers Specialty Insurance Company ("Defendant"). As a preliminary matter, Plaintiffs agree with Defendant that a Discovery Conference would be beneficial for all parties.

Plaintiffs file this brief to point out inaccuracies in Defendant's Motion for Discovery Conference on the record. Broadly speaking, Defendant alleges that Plaintiffs' disclosures regarding certain information are "generally non-compliant." Yet, Defendant demands disclosures that are not even required by the Limited Scheduling Order. For example, the Limited Scheduling

Order requires Plaintiffs to "[s]tate whether the property was repaired to its pre-flood condition using materials of like kind and quality, yes or no?" Limited Scheduling Order Section I(A)(6)(b). This is a "yes or no" question calling for a "yes or no" answer. Yet, Defendant complains that Plaintiffs "do not identify the repairs that were not of like[] kind and quality." Plaintiffs have no obligation to identify whether each damaged nail was replaced with a nail of like kind and quality. Plaintiffs have provided sufficient answers to this "yes or no" question.

Another example is that the Limited Scheduling Order requires certain, general information related to completed repairs: "Identify and describe the repairs to Plaintiff's property that have already been completed. . . ." Limited Scheduling Order Section I(A)(6)(a). Defendant itself acknowledges that Plaintiffs provide categories of completed repairs. R. Doc. No. 49, p. 4. Yet, Defendant complains that Plaintiffs "do not provide a description as to each type of repair as required by the order." R. Doc. No. 49, p. 4.

The plain language of the Limited Scheduling order merely requires identification and description of completed repairs. It does not require Plaintiffs to exhaustively list each, specific repair with laser-focus. Defendant's request would lead to absurd results that go above and beyond the requirements of the Limited Scheduling Order. Plaintiffs are not required by the Limited Scheduling Order—and should not be further required by this Court—to itemize in their written response to the Order each sheet of sheetrock that was replaced or each electrical outlet that was damaged by the flood. Even contractors' estimates often generally group items together. Aside from expanding the scope of the Limited Scheduling Order, a requirement to list such minutiae would be unduly burdensome. By misconstruing the terms of the Limited Scheduling Order,

Defendants attempt to engage in an inappropriate attempt to unilaterally change the terms of the Limited Scheduling Order.[1]

For all of these reasons, Plaintiffs join Defendant's request for a Discovery Conference to seek this Court's guidance on the requirements of the Limited Scheduling Order.

Respectfully Submitted,

**PANDIT LAW FIRM, L.L.C.**

BY:     */s/ Rajan Pandit*
    **RAJAN PANDIT,** Bar No. 32215
    **JASON M. BAER**, Bar No. 31609
    **JOHN D. CARTER**, Bar No. 24334
    **HENRY J. ROTH**, Bar No. 37526
    **SANDRA D. GUIDRY**, Bar No. 26349
    701 Poydras Street, Suite 3950
    New Orleans, LA 70139
    Telephone:   (504) 313-3800
    Facsimile:    (504) 313-3820
    Email:    laflood@panditlaw.com
    *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been served upon counsel for all parties via electronic mail, on this 14th day of September, 2018.

*/s/Rajan Pandit*

---

[1] Interestingly, Defendant suggests that *Plaintiffs* are the ones who are attempting to alter the Limited Scheduling Order: "[Plaintiffs' statement] appears to be an inappropriate attempt to unilaterally extend Plaintiffs' deadline for submission of disclosures without leave of court." R. Doc. No. 49, pp. 5-6.